(63 South. 501.)

No. 20,127.

MERCANTILE LUMBER & SUPPLY CO. v. JONES & PICKETT, Limited.

In re JONES & PICKETT, Limited.

(Nov. 17, 1913.)

*(Syllabus by the Court.)*

1. SALES (§ 418*) — BREACH — DAMAGES RECOVERABLE.

Where plaintiff orders a car load of lumber from defendant to be sent to one place, and, through the error of defendant it is sent to another place, where it is received by the plaintiff, and reshipped by the plaintiff to the place first designated, at an expense for freight in excess of the value of the lumber, without consultation with or consent of the shipper, plaintiff cannot recover, as damages, the excess charges for freight which he has expended.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

2. SALES (§ 418*)—BREACH—DAMAGES RECOVERABLE.

A plaintiff cannot recover damages for expenses in minimizing damages if he is without authority to incur such expenses, where such expenses exceed the value of the object sought to be preserved.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

Action by the Mercantile Lumber & Supply Company against Jones & Pickett, Limited. A judgment in the district court dismissing plaintiff's demand was reversed by the Court of Appeals and defendant applies for certiorari or writ of review. Judgment of Court of Appeals reversed, and that of district court reinstated and made the judgment of the Supreme Court.

Benj. M. Miller, of Covington, for applicant. Harvey E. Ellis and Walter A. White, both of Covington, for respondent.

SOMMERVILLE, J. Plaintiff company, domiciled in Kansas City, Mo., bought of the defendant a car load of pine lumber valued at $118, and ordered it shipped to the Kettle River Company, at Madison, Ill. Defendant, through error, shipped the car load of lumber to the plaintiff at Kansas City. At the same time, defendant sent to Kansas City a draft for a portion of the selling price, with bill of lading attached, showing that the lumber had been consigned to plaintiff at that place. The draft, with the bill of lading, was presented for payment, and plaintiff, without noticing the error in shipment, paid the draft. On the next day, after seeing the error in the bill of lading, plaintiff telegraphed the defendant, and to the initial railroad carrier, asking that the lumber be sent to the Kettle River Company, at Madison, Ill., as ordered. The destination was not changed by the carrier, and in due time the car load of lumber was delivered to plaintiff at Kansas City. On the day of the arrival of the lumber, plaintiff, through its president, attempted to sell same to dealers in Kansas City, but failed; and immediately, on the day the lumber was delivered, it shipped same to Madison, Ill., at an expense of $136.53 for freight, without notice to defendant, and without getting its consent to so do.

Plaintiff thereupon instituted this suit for the collection of $207.12, as damages, being the difference between the purchase price of the lumber and the amount paid by it to defendant and the amount paid by it for freight on said lumber from Kansas City to Madison, Ill.

There was judgment in favor of defendant, dismissing plaintiff's demand, in the district court, which judgment has been reversed by the Court of Appeals, and it has given judgment in favor of plaintiff as prayed for. Defendant now asks that we review and reverse the judgment of the Court of Appeals.

[1, 2] Defendant alleges as errors of the Court of Appeals:

(1) In finding and deciding that the plaintiff paid for the lumber in question before it knew that such lumber had been incorrectly shipped.

(2) In holding and deciding that the plaintiff could legally dispose of the lumber for the defendant, and to its prejudice, after the plaintiff had paid for and received the lumber and acquired the title to it.

(3) In holding and deciding that the action of plaintiff in disposing of the lumber was for the purpose of minimizing damages, or was minimizing damages, and in affirming the propriety or legality of said action.

First. The evidence in the record shows that the draft was sent by defendant to plaintiff at Kansas City, with a bill of lading attached showing the exact destination to which the lumber in question had been shipped. With this bill of lading in its possession plaintiff did know, or should have known, that the lumber had been sent to Kansas City, instead of to Madison, Ill., as the bill of lading was attached to the draft paid by it.

Second. The next error complained of is that the Court of Appeals held that plaintiff had the right to dispose of the lumber for the defendant, and to its prejudice, after the plaintiff had paid for and received the lumber and acquired title to it.

The plaintiff was not compelled to take the lumber which had been wrongly shipped to Kansas City, instead of to Madison, Ill., and the president of plaintiff company knew it, for he testifies that:

"Had this error in our office not occurred (referring to having overlooked the destination indicated in the bill of lading) the draft would have been refused on account of the wrong billing."

This would have been the clear right of plaintiff. It was not obligated to accept the lumber wrongly shipped to Kansas City. But, instead, and without consultation with defendant, it shipped the lumber, worth $118.27, to Madison, Ill., at an expense for freight of $137.53. This, it had no right to do; and it cannot compel defendant to pay the amount of that freight.

Third. The next error complained of is that the Court of Appeals held and decided that the action of the plaintiff in disposing of the lumber was for the purpose of minimizing damages, or was minimizing damages, and in holding that said action was legal and proper.

The results of the transaction show that the action of plaintiff did not minimize damages. The mere fact that the lumber was worth only $118.27 and the expense for freight from Kansas City to Madison, Ill., was $137.53 shows that it would have been more advantageous to defendant to have abandoned the lumber in Kansas City, had plaintiff sent notice that it refused to receive the lumber at that place. The action of plaintiff served to increase the damages, rather than minimize them, against defendant. We note the president of the plaintiff company testified that on the day that the lumber was received in Kansas City he tried to sell it, but was unsuccessful, and on that same day that the lumber was received at Kansas City he

shipped it to Madison, Ill. We are not impressed with the earnestness of the effort of the witness to sell the lumber.

Plaintiff is not suing for any loss or damage which occurred to it, or which would have occurred to it, because of the failure of defendant to send the lumber to Madison, Ill. The claim is for damages alleged to have been suffered by plaintiff because of the excess freight which it incurred in sending the lumber from Kansas City to Madison, Ill., after defendant had erroneously shipped the lumber to Kansas City instead of to Madison, Ill.

The judgment of the Court of Appeals is annulled, avoided and reversed, and the judgment of the district court is reinstated, and made the judgment of this court, with costs in all courts against plaintiff.